**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Action No. 13-cr-0295-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     **DIEN LE,**
2.     **PONLUE PIM,**
3.     **PIRUN PIM,**
4.     **RICKY PIM,**
5.     **KENNETH BARNES, and**
6.     **PIM INC., LLC,**

    Defendants.

---

**ORDER GRANTING DEFENDANTS' ORAL MOTION TO
EXCLUDE 120 DAYS FROM SPEEDY TRIAL CLOCK**

---

On February 4, 2014, the Court held a status conference regarding the progression of this action. (ECF No. 189.) At the hearing, defense counsel made a collective oral motion for an additional ends-of-justice continuance ("Motion"). The Government did not oppose the Motion. The Court granted the Motion on the record and informed the parties that it would issue an order setting forth the basis for such continuance. (*Id.*) This Order shall set forth such rationale.

At the hearing, defense counsel stated that discovery, particularly with regard to experts, is still ongoing. Specifically, immediately before the hearing, the Government had indicated for the first time that it intended to call witnesses to offer testimony on the

physical effects of the substances Defendants are charged with distributing. Counsel also stated that the recently-filed Third Superseding Indictment materially changed the nature of the case, particularly with regard to the conspiracy charge, and that this change created the need for additional expert testimony. Generally, counsel indicated that they need additional time to review the discovery provided in light of the new charges, and to prepare appropriate motions. Based on the nature of the charges at issue here, combined with the charging history of this case—specifically, the four indictments that have been returned by the grand jury—the Court finds that this case is complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv).

Moreover, the Court finds that Defendants have shown that their interest in having adequate time to review discovery, prepare motions, and prepare for trial outweighs the public's interest in a speedy trial. The Court also finds that the public's interest in a speedy trial will not be subverted by granting the requested ninety day continuance and, therefore, an ends-of-justice continuance is warranted pursuant to Section 3161(h)(7)(B)(iv). As the Court ordered at the hearing, all days between February 4, 2014 and June 4, 2014 are excluded from the Speedy Trial clock.

Also at the hearing, the Court granted Defendants' request to set a phased motions deadline. Although the Court indicated that it would set three motions deadlines, it has since decided to separate out the motions practice with regard to experts, since the parties agree that this is a pivotal issue in this case.

For the reasons set forth above, the Court hereby ORDERS as follows:

1. Defendants' oral motion for ends-of-justice continuance is GRANTED;
2. All days between February 4, 2014 and June 4, 2014 are EXCLUDED from the

       Speedy Trial clock pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);

3. The current settings for the Trial Preparation Conference at 4:15 p.m. on March 14, 2014 and the four-day trial set to commence on March 24, 2014 are VACATED.

4. The Court hereby SETS the following schedule for the remainder of the case:

   a. **All motions related to expert testimony in this case shall be filed by March 21, 2013.  The Government shall respond not later than April 7, 2014.**

   b. All discovery motions and motions regarding the Indictment shall be filed by May 9, 2014. The Government shall respond not later than May 30, 2014.

   c. All suppression motions—including wiretap suppression motions (four corners and non-four corners)—shall be filed by June 27, 2014.  The Government shall respond by July 18, 2014.

   d. All motion to sever and motions pursuant to Federal Rule of Evidence 801(d)(2)(e) shall be filed by August 15, 2014.  The Government's response shall be due September 5, 2014.

   e. After each series of motions is filed, the Court will consider whether an evidentiary hearing or oral argument on the motions is necessary.  If a party believes that a hearing is appropriate, he should so indicate in the motion.

   f. A nine-day jury trial shall commence on November 3, 2014 at 8:00 a.m. in

Courtroom A801.[1]  A final trial preparation conference will be held at 3:00 p.m. on Monday, October 27, 2014.

Dated this 6th day of February, 2014.

BY THE COURT:

William J. Martínez
United States District Judge

---

[1] The Court notes that this trial date presumes that motions will be filed in accordance with the above time frame and which would toll the Speedy Trial clock pursuant to Section 3161(h)(1)(D). If any deadline should pass without any motions filed, the Court will have to re-examine the Speedy Trial clock and may reset the trial *sua sponte* to ensure that no Defendants' right to a speedy trial is violated.