IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Action No. 13-cr-0295-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     **DIEN LE,**
2.     **PONLUE PIM,**
3.     **PIRUN PIM,**
4.     **RICKY PIM,**
5.     **KENNETH BARNES, and**
6.     **PIM INC., LLC,**

      Defendants.

---

**ORDER GRANTING DEFENDANT PONLUE PIM'S MOTION FOR DISCLOSURE OF ALL GRAND JURY TRANSCRIPTS AND MATERIALS AND DENYING WITHOUT PREJUDICE DEFENDANT PIRUN PIM'S MOTIONS**

---

      Defendants Dien Le, Ponlue Pim, Pirun Pim, Ricky Pim, Kenneth Barnes, and

Pim Inc. LLC are facing criminal charges related to their possession of "spice", which is

allegedly a chemical analogue to a substance listed in the Controlled Substances Act.

Before the Court are the following Motions: (1) Ponlue Pim's Motion for Disclosure of all

Grand Jury Transcripts and Materials (ECF No. 187); (2) Pirun Pim's Motion for

Disclosure of Grand Jury Materials (ECF No. 183); and (3) Pirun Pim's Motion to

Dismiss—Unnecessary Delay in Presentation to Grand Jury (ECF No. 184).

## I.  PROCEDURAL HISTORY

      On July 10, 2013, the grand jury returned a thirteen-count Indictment charging

Defendants Dien Lee, Ponlue Pim, Pirun, Ricky Pim, and Kenneth Barnes with

conspiracy to manufacture, possess with intent to distribute, and distribute a synthetic cannabinoid controlled substance called JWH-018 between October 2012 and April 2013.  (ECF No. 2.)  The other counts of the Indictment charged individual Defendants with possessing JWH-018 with the intent to distribute on various dates during the time frame of the overall conspiracy.  (*Id.*)

The grand jury returned a seven-count Superseding Indictment on August 21, 2013.  (ECF No. 81.)  The Superseding Indictment charged the same Defendants with conspiracy to manufacture, possess with intent to distribute, and distribute "mixtures and substances containing detectable amounts of XLR11 which . . . is an controlled substance analogue of JWH-018 . . . also known as synthetic cannabinoid substance and 'Spice'" between October 2012 and July 2013.  (*Id.*)  The remaining six counts charged individual Defendants with possession and distribution of XLR11 on various dates during the time frame of the conspiracy.  (*Id.*)

On December 18, 2013, the grand jury returned a nine-count Second Superseding Indictment, which charged the same Defendants with manufacturing, possessing with intent to distribute, and distributing between October 2012 and July 2013 "mixtures and substances containing detectable amounts of XLR11 and PB-22 which . . . are controlled substance analogues of a Schedule I substance, commonly referred to as synethic cannbinoid controlled substance and 'Spice'".  (ECF No. 161.)  Seven of the other counts charged various Defendants with possession of XLR11 on various dates during the conspiracy, while Count Nine charged Defendants with possession of PB-22.  (*Id.*)  The Second Superseding Indictment added a claim for co-conspirator liability under the *Pinkerton* theory of liability.  (*Id*. at 5.)

2

A ten-count Third Superseding Indictment was returned by the grand jury on January 28, 2014.  (ECF No. 176.)  The Government characterizes the Third Superseding Indictment as a "speaking Indictment", which contains an introduction, description of the parties, and list of overt acts for the charges.  (*Id*. at 2-5.)  The Third Superseding Indictment adds Pim Inc. LLC as a Defendant.  (*Id*. at 1.)  It also completely changes the nature of the overarching count, Count One.  In the first three Indictments, Count One charged Defendants with conspiracy to manufacture, possess with intent to distribute, and distribute a controlled substance or controlled substance analogue.  In the Third Superseding Indictment, Count One still charges this drug conspiracy, but also adds a charge for conspiracy to defraud the United States Food and Drug Administration.  (*Id*. at 4.)  Counts Two through Nine of the Third Superseding Indictment are the same as in the Second Superseding Indictment.  (*Id*. at 16-20.)  Count Ten is another new charge, alleging that Ponlue Pim made false statements to agents for the Department of Homeland Security on July 19, 2013.  (*Id*. at 21.)

All Defendants have been arraigned on each of these Indictments and entered pleas of not guilty to all charges.  (ECF No. 185.)

## II.  MOTIONS FOR DISCLOSURE

Defendants Ponlue Pim and Pirun Pim both move for disclosure of all materials presented to the grand jury, and the transcripts of those proceedings.  (ECF Nos. 183 & 187.)  Because the Court finds that Ponlue Pim has established good cause to warrant disclosure of the requested materials, the Court will address only the arguments raised in his Motion.

The Supreme Court has consistently "recognized that the proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979). "Secrecy, however, is not absolute." *In re Special Grand Jury 89-2*, 143 F.3d 565, 569 (10th Cir. 1998). Under Federal Rule of Criminal Procedure 6(e)(3)(E), a court may order disclosure of grand jury material "preliminarily to or in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury".

A district court has substantial discretion to determine whether grand jury transcripts should be released. *See Douglas Oil*, 441 U.S. at 223 (1979). To warrant disclosure, a party must show the following: (1) that the material they seek is needed to avoid a possible injustice in another judicial proceeding; (2) that the need for disclosure is greater than the need for continued secrecy; and (3) that their request is structured to cover only material so needed. *Id*. at 222. The Court will consider each of these elements below.

## A.     Particularized Need for Grand Jury Materials and Transcripts

To satisfy the first prong, a defendant must identify a "particularized need" for the grand jury materials. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399 (1959). To meet this burden, Defendant[1] argues that he needs access to the grand jury transcripts and materials to challenge the manner in which this case has progressed through the four Indictments. (ECF No. 187 at 5.) Defendant points out that, while he

---

[1] The Court's reference to "Defendant" in this section of its Order refers to Ponlue Pim.

4

is now charged with possession of two controlled substance analogues, the original Indictment charged him with possession of JWH-018, which is actually listed in the Controlled Substances Act.  (*Id*.)  Defendant also contends that there is significant disagreement as to whether XLR11 and PB-22—the two chemicals named in the later Indictments—are analogues to JWH-018.  (*Id*. at 6.)  Defendant believes that the Government did not present to the grand jury any evidence showing this scientific disagreement, and that the failure to do so could warrant dismissal of the Indictment. (*Id*. at 7.)

In response, the Government focuses its arguments on whether the Defendant has shown sufficient grounds to warrant dismissal of the Indictment.  (ECF No. 195.) For example, the Government contends that it has no legal obligation to present exculpatory evidence to the grand jury, and that any internal Department of Justice Policy does not create a substantive right upon which the Defendant can seek dismissal of the Indictment.  (ECF No. 195 at 12-13.)  Irrespective of the accuracy of these statements, however, the question before the Court on the instant Motion is not whether dismissal of the Indictment is warranted.  Rather, at this stage in the proceedings, the Court is considering only whether Defendant has set forth sufficient grounds for the Court to order disclosure of the grand jury materials and transcripts.

The Court finds that the progression of this case through the multiple Indictments, coupled with the Government's apparent admission that it did not present evidence of the scientific disagreement surrounding the chemical substances at issue here, is sufficient to meet the Defendant's burden of identifying a particularized need for the grand jury materials so as to avoid a possible injustice.

**B.      Grand Jury Secrecy**

Because Defendant has made a showing of a particularized need for release of

the grand jury transcripts, the Court must consider whether this need outweighs the

public interest in grand jury secrecy.  *See In re Special Grand Jury Proceedings 89-2*,

143 F.3d at 571.  The Supreme Court has stated that grand jury secrecy is meant to

advance five particular interests:

> (1) To prevent the escape of those whose indictment may be
> contemplated; (2) to insure the utmost freedom to the grand
> jury in its deliberations, and to prevent persons subject to
> indictment or their friends from importuning the grand jurors;
> (3) to prevent subornation of perjury or tampering with the
> witnesses who may testify before [the] grand jury and later
> appear at the trial of those indicted by it; (4) to encourage
> free and untrammeled disclosures by persons who have
> information with respect to the commission of crimes; (5) to
> protect innocent accused who is exonerated from disclosure
> of the fact that he has been under investigation, and from
> the expense of standing trial where there was no probability
> of guilt.

*Douglas Oil*, 441 U.S. at 219 n.10 (internal quotation marks omitted).  The Supreme

Court has held that "as the considerations justifying secrecy become less relevant, a

party asserting a need for grand jury transcripts will have a lesser burden in showing

justification."  *Id*. at 223.

As the four Indictments have already been returned in this case and both grand

juries that have heard evidence on this case have been discharged, the first three of the

secrecy concerns set forth above are inapplicable.  As to the fourth consideration, it

appears that the only witness who testified before the grand jury in this case was a law

enforcement officer.  (*See* ECF No. 195 at 2-3.)  Thus, there is no reason to be

6

concerned with dissuading people from coming forward with information about these crimes. Finally, there is no indication that evidence was presented against any individuals that are not current named as Defendants in this case. Thus, the fifth secrecy factor is not implicated.

The Court is mindful that it has a duty, not only to consider grand jury secrecy concerns relevant to this case, but also to consider general grand jury secrecy and the effect on future grand juries. *See In re Lynde*, 922 F.2d 1448, 1454 (10th Cir. 1991). Because the grand juries that returned the Indictments have been discharged, the Court's focus "shifts from the immediate effects upon a particular grand jury to the possible effect upon functioning of future grand juries." *In re Special Grand Jury 89-2*, 143 F.3d at 571 (internal quotations omitted). "Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties." *Douglas Oil*, 441 U.S. at 222.

However, as the only secrecy concern relevant here is the possible effect of disclosure upon future grand juries, the Court finds that the Defendant has shown that his need for the grand jury transcript and materials prevails.

C.     **Scope of Disclosure**

Defendant requests the grand jury materials and transcripts for each of the four Indictments that have been handed down in this case. (ECF No. 187 at 2.) The Tenth Circuit has held: "The disclosure order must be structured to cover only the material

required in the interests of justice.  Thus, under a particularized need standard, the balance struck between secrecy and the need for grand jury transcripts must result in the disclosure of information limited to the claimed need." *In re Special Grand Jury 89-2*, 143 F.3d at 572.

The particularized need shown by the Defendant in this case relates to the way that the charges against him have progressed through the four Indictments.  Thus, the Court finds that Defendant has shown an entitlement to the grand jury materials and transcripts underlying each successive Indictment.  The Court also finds that Defendant has shown a need for all of the materials and testimony transcripts.  One of the reasons Defendant wants to review the transcripts is to ensure that the Government did not present evidence of the scientific disagreement regarding the status of XLR11 and PB-22 as analogues.  In order to prove the absence of such evidence, the Defendant must have access to the entirety of the transcripts.  Additionally, it appears there was only one witness, who was a law enforcement officer, that testified during each of the grand jury proceedings.  Both the limited nature of this testimony and the fact that the witness was a law enforcement officer lessens the Court's concerns about improper disclosure for privacy reasons.

Accordingly, the Court finds that Defendant is entitled to disclosure of all of the grand jury materials and transcripts underlying each of the four Indictments.  Thus, Defendant Pirun Pim's Motion for Disclosure of all Grand Jury Transcripts and Materials is granted and the Court orders that all grand jury transcripts and materials be disclosed

to all Defendants.[2]

### III.  MOTION TO DISMISS

Defendant Pirun Pim has also filed a Motion to Dismiss—Unnecessarily Delay in

Presentation to Grand Jury.  (ECF No. 184.)  In his initial Motion, Defendant alleges that

the addition of the charge for conspiracy to defraud the Food and Drug Administration,

which first appears in the Third Superseding Indictment, warrants dismissal of the

Indictment under Federal Rule of Criminal Procedure 48(b).  (*Id*. at 2.)  Defendant's

arguments in support of this contention are sparse, and there is no evidence cited in

support of the Motion.  In his reply brief, Defendant Pirum Pim reargues for dismissal

based on delay, but also asserts additional bases warranting dismissal of the

Indictment, including alleging a violation of the Fifth Amendment and that Count One of

the Third Superseding Indictment is duplicitous.  (ECF No. 198 at 16-18.)

The Court notes that the deadline for filing motions challenging the Indictment

has not yet passed.  (*See* ECF No. 235.)  The Court has now ordered disclosure of the

grand jury materials and transcripts, which may allow Defendant to re-file a more

meaningful Motion reasserting his arguments, but with some evidentiary support.

Additionally, the issues that first appear in Defendant's reply brief are not properly

before the Court.  *See M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7

(10th Cir. 2009) (noting that "the general rule in this circuit is that a party waives issues

and arguments raised for the first time in a reply brief.").

---

[2]  Because Defendant Pirun Pim's Motion for Disclosure of Grand Jury Materials seeks
the same relief as the Court has already granted, the Court denies Pirun Pim's Motion as moot.

Given these procedural facts, the Court finds that judicial economy and the interests of justice weigh in favor of denying without prejudice Defendant Pirun Pim's Motion to Dismiss—Unnecessary Delay in Presentation to Grand Jury, which may be refiled no later than the applicable deadline.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.   Defendant Ponlue Pim's Motion for Disclosure of all Grand Jury Transcripts and Materials (ECF No. 187) is GRANTED;

2.   The Government SHALL DISCLOSE to all Defendants the grand jury transcripts and materials for each of the four Indictments that have been returned in this case[3];

3.   Defendant Pirun Pim's Motion for Disclosure of Grand Jury Materials (ECF No. 183) is DENIED AS MOOT;

4.   Defendant Pirun Pim's Motion to Dismiss—Unnecessary Delay in Presentation to Grand Jury (ECF No. 184) is DENIED WITHOUT PREJUDICE.

Dated this 12th day of May, 2014.

BY THE COURT:

William J. Martinez
United States District Judge

---

[3]  Should the parties believe that a protective order needs to be entered for these transcripts and materials, they should file the appropriate request with the Court.