# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

CASE NO. 13-cr-0295-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. **DIEN LE,**
2. **PONLUE PIM,**
3. **PIRUN PIM,**
4. **RICKY PIM,**
5. **KENNETH BARNES, and**
6. **PIM INC., LLC,**

      Defendants.

---

## ORDER DIRECTING POST-HEARING BRIEFS

---

On June 19, 2014, the Court held an evidentiary hearing on the following motions [1]: (1) the portion of Defendant Pirun Pim's Motion to Exclude that challenges the admissibility of Thomas DiBeradino's testimony (ECF No. 211); (2) the portion of Defendant Kenneth Barnes's Motion that challenges Thomas DiBerardino (ECF No. 209); and (3) the Government's Response to Defendants' Expert Notifications (ECF No. 221), which the Court has construed as a Motion challenging the admissibility of the expert testimony proffered by Defendants.  Due to time constraints, the Court limited the evidence to those experts relevant to the first prong of the analogue statute, *i.e.*, whether the chemical structure of XLR-11 and PB-22 is substantially similar to the

---

[1] Other motions were addressed at the hearing, but these motions form the basis of the request for supplemental briefing.

chemical structure of JWH-018.  Thus, at the hearing, the following witnesses testified:

(1) Dr. Thomas DeBerardino on behalf of the Government, (2) Dr. Terrence Stouch on

behalf of Defendant Pirun Pim, and (3) Joseph Bono on behalf of Defendant Dien Le.

To assist with resolution of the pending Motions, the Court hereby ORDERS the

parties to file supplemental briefs addressing the following:

1.  Application of the *Daubert* factors to the experts' reports and testimony at the
    hearing, including citation to relevant authority addressing the specific issues
    raised by the evidence.

2.  Cases in which any of the proposed expert witnesses have been qualified as an
    expert, or have been excluded under Rule 702.  The parties shall also address
    any instances in which particular opinions offered by these witnesses were
    stricken or limited (*e.g.*, a witness was permitted to testify about the chemical
    structure of two compounds but not permitted to offer his opinion on whether two
    structures were substantially similar).

3.  Any cases in which the methods relied upon by Dr. DeBerardino (two-
    dimensional modeling, internal peer review, etc.) were found to not meet the
    *Daubert* standard.

In preparing these briefs, the parties need not limit themselves to orders addressing

Rule 702 or *Daubert* motions, but may also find it helpful to consult orders resolving

motions to dismiss or other procedural matters in other analogue cases.

Defendants shall file their supplemental briefs no later than July 7, 2014.  The

Government's supplemental brief shall be filed by July 21, 2014.  In addition to the

issues set forth above, the Government is permitted to address in its supplemental brief

the arguments raised at the hearing regarding completeness of Scott Webb's expert

report.  Defendants may file a brief responding to the completeness argument only by

July 28, 2014.

Dated this 20th day of June, 2014.

BY THE COURT:

William J. Martinez
United States District Judge